UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
DARIN POOLE,

                Plaintiff,

        v.

EB CARE AT GARDEN CITY, d/b/a The Bristal at
Garden City, DINA, DERRICK GENTILE and
LINO,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-6222 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Darin Poole, proceeding *pro se*, commenced the above-captioned action on October 30, 2019 against Defendants EB Care at Garden City ("EB Care"), doing business as The Bristal at Garden City, and individual employees of EB Care, Dina, Derrick Gentile, and Lino, alleging race discrimination and sexual harassment in employment. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint without prejudice to renewal.

**I. Background**

      The Complaint consists of a general form complaint for a civil case with attachments. (*See generally* Compl.) Plaintiff identifies the Court's jurisdiction as based on federal question jurisdiction, which he identifies as arising from "discrimination." (*Id.* at 4.)[1] Plaintiff alleges that he was terminated from his employment on September 23, 2019. (*Id.* at 5.) He alleges that

---

    [1] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

EB Care Executive Director Dina McDonald used racist language and accused him of lying. (*Id.* at 5–7.) Plaintiff further alleges that McDonald sexually harassed him by talking to him about her sex life and touching him inappropriately. (*Id.* at 7.) Plaintiff seeks $150 million in damages and requests that McDonald and two other employees be "remove[d] from [their] positions without pay" pending an investigation. (*Id.* at 8.)

Plaintiff does not allege that he filed a charge of discrimination with the New York State Division of Human Rights (the "NYSDHR"), the New York City Commission on Human Rights, or the Equal Employment Opportunity Commission (the "EEOC"), and does not attach a right-to-sue letter from any agency. (*See generally* Compl.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff has not exhausted his administrative remedies

The Court construes Plaintiff's discrimination claim as brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

"Before bringing a Title VII suit in federal court, an individual must first present 'the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency.'" *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (alteration in original) (quoting *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006)); *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) ("As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." (citation omitted)); *see also* 42 U.S.C. § 2000e-5(e) (providing procedures and deadlines for filing charges with the EEOC, following receipt of a right-to-sue letter, in court); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme . . . accordingly, it is a precondition to bringing such claims in federal court." (citation and internal quotation marks omitted)). "The complainant must file the complaint with the relevant agency 'within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a "Notice of Right to Sue" letter from the EEOC.'" *Littlejohn*, 795 F.3d at 322; *see also Rivas v. New York State Lottery*, 745 F. App'x 192, 193 (2d Cir. 2018) ("Title VII requires individuals aggrieved by acts of discrimination to file a charge with the . . . EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" (quoting 42

U.S.C. § 2000e-5(e))); *Cetina v. Longworth*, 583 F. App'x 1, 2 (2d Cir. 2014) ("A Title VII employment discrimination claim must be filed with the [EEOC] . . . or [NYSDHR] within 300 days of the alleged unlawful practice.").

A plaintiff bringing a Title VII claim must file a complaint in federal court not more than ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Dawes v. City Univ. of New York*, 193 F. App'x 59, 60 (2d Cir. 2006) ("A Title VII claimant must file his complaint not more than [ninety] days after receipt of a right-to-sue letter from the EEOC." (citing *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994))).

Plaintiff has not indicated that he filed a charge with the EEOC or a state or local agency, or that any agency investigated and issued a right-to-sue letter. (*See generally* Compl.) Indeed, Plaintiff filed this action in federal court on October 30, 2019, less than a month after the alleged discrimination. (*Id.*) Pursuant to Title VII, Plaintiff must first exhaust his administrative remedies before returning to federal court.[2]

Moreover, even if Plaintiff exhausts his administrative remedies, Plaintiff cannot bring claims under Title VII against the individual Defendants. Individuals are not subject to liability under Title VII. *Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016) ("Title VII does not provide for individual liability." (first citing *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014); and then citing *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam))). Plaintiff can only bring his Title VII claims against his former employer.

---

[2] If Plaintiff has not already filed a charge of discrimination, he may follow the procedures available on the EEOC's website, available at www.eeoc.gov. If Plaintiff files a charge with the EEOC or a state or local agency and the claim is investigated and he is unhappy with the result, only then may he file a federal lawsuit.

### III. Conclusion

Because Plaintiff does not allege that he has exhausted his administrative remedies and it appears based on the dates of the alleged discrimination and the filing of the Complaint that he has not, the Court dismisses the Complaint without prejudice to renewal.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: November 27, 2019
      Brooklyn, New York

                                       SO ORDERED:

                                            s/ MKB
                                     MARGO K. BRODIE
                                     United States District Judge